TINA M. ALLEGUEZ, SBN 136562
ALLEGUEZ & NEWMAN, LLP
21860 Burbank Boulevard, Suite 360
Woodland Hills, CA 91367
Telephone: (818) 225-0056
Facsimile:  (818) 225-0057
tina@analwllp.com

Attorneys for Defendants,
H AND A MARKETING AND SALES, INC.,
a Florida corporation and AGNER EMILIO
ESPANA, an individual

STELMACH & STELMACH, LLP
REA STELMACH, ESQ, SBN 296671
MORANI STELMACH, ESQ., SBN 296670
11630 Chayote St., Suite 3
Los Angeles, California 90049
Telephone:   (424) 652-6590
Facsimile:    (310) 472-1268
rea@stelmachlaw.com

Attorneys for Plaintiff
SUTRA BEAUTY, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SUTRA BEAUTY, INC.,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>H AND A MARKETING AND SALES, INC., a Florida corporation; AGNER EMILIO ESPANA, an individual; and DOES 1 through 10,<br><br>　　　　Defendants. | **Case No. 2:17- CV-05999**<br><br>[Judge: Hon. Christina A. Snyder]<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP 26(f)**<br><br>Scheduling Conf. Date:　February 5, 2018<br>Time:　　　　　　　11:00 a.m.<br>Courtroom:　　　　　8D<br><br>Complaint Filed:  8/23/2017 |

**JOINT DISCOVERY PLAN**

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP 26(f)**

The parties, by and through their respective counsel, file this report of their conference under Federal Rule of Civil Procedure 26(f).

## INTRODUCTION

**1.     Plaintiff's Counsel**:

Rea Stelmach of the law firm Stelmach & Stelmach, LLP represents Sutra Beauty, Inc., a California corporation ("Plaintiff")

**2.     Defendants' Counsel**:  Tina M. Alleguez of the law firm of Alleguez & Newman, LLP, represents H and A Marketing and Sales, Inc., a Florida corporation and Agner Emilio Espana, an individual (hereinafter referred to as "Defendants").

**3.      Rule 26(f) Conference**:  On or about December 19, 2017 attorneys for all parties met telephonically to begin conferring on the matters outlined in Rule 26(f).  The conference was held as soon as practical and at least 21 days before the scheduling conference, which is currently set for hearing on February 5, 2018 at 11:00 a.m. in the above-captioned court, before the Honorable Christina A. Snyder.

**4.     Federal Jurisdiction Allegation**:  This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the action is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**5.     Parties Agreeing/Disagreeing on Jurisdiction and the Reasons**:  All parties agree that this Court has jurisdiction over the subject matter of this lawsuit.

**6.     Complexity of the Case and Applicability of the Manual on Complex Litigation**:  This case involves a breach of contract claim, an unjust enrichment claim, a statutory and common law unfair competition and business practices claim, and a negligent interference with an economic relations claim.  The parties do not

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP 26(f)**

believe that this case constitutes a complex case requiring application of the Manual on Complex Litigation.

**7.    Unusual Legal Issues Presented by the Case**: At this time, the parties are unaware of any unusual legal issues presented by any of the claims, counterclaims, third party claims or defenses in this case.

## SUMMARY OF PRINCIPAL ISSUES, CLAIMS & DEFENSES

**8.    Plaintiff's Contentions**:  Defendants violated and breached the Agreement by selling products directly on their own behalf and/or indirectly for their benefit, through prohibited online/internet resellers.

**9.    Defendants' Defenses and Contentions**: Defendants deny all of the allegations in the Complaint and contend that they did not breach the agreement that is the subject of this action and that Plaintiff's claims are frivolous and unfounded.

## SETTLEMENT EFFORTS

**10.    Efforts to Date**:

    a.  *Plaintiff's Views*:

        Plaintiff has considered settlement offers and provided counter offers in good faith.

    b.  *Defendant's Views*:

        Defendants have made various offers to Plaintiff, none of which have been accepted.  The last settlement demand was made at the time of meeting and conferring on the scheduling conference.  Defendants remain willing to entertain any reasonable settlement demands.

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP 26(f)**

**11.  The Parties' Views as to an Appropriate Plan for Maximizing Settlement Prospects and Preferred Local Rule 16-15 Settlement Procedure**:

    a.  Parties are in agreement with either ADR Procedure 1 with a magistrate or ADR Procedure 2 with a neutral selected from the Court's Mediation Panel.

## PROPOSED CASE MANAGEMENT PLAN

**12.  Initial disclosures under Federal Rule of Civil Procedure 26(a)(1)**: The parties will make their initial disclosures as required by Rule 26(a)(1), on or before January 26, 2018.

**13.  Expert Disclosures Under Federal Rule of Civil Procedure 26(a)(2)**: The parties will make their expert disclosures as required by Rule 26(a)(2).

**14.  Pretrial Disclosures Under Federal Rule of Civil Procedure 26(a)(3)**: The parties will make their pretrial disclosures at least 30 days before trial as required by Rule 26(a)(3).

**15.  Scope and Subjects of Discovery**:

    a. The parties believe that discovery should be conducted on all issues simultaneously.  While the parties do not believe the case requires any severance, bifurcation, or particular order of proof at this time, the parties respectfully leave this issue (severance/bifurcation/order of proof) open for further discussion or decision based upon discovery and/or case analysis and developments.

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP 26(f)**

      b.  Discovery is expected to be directed to, without limitation, those issues relevant to the allegations, claims and defenses asserted by Plaintiff and Defendants in the Complaint and Answer (and any amendments thereto).Defendant's Contemplated Discovery Subjects.

**16.    Discovery of Electronically Stored Information**:  The parties do not believe that there are any specific issues requiring the Court's attention at this time related to the discovery or production of electronically stored information.  The parties expect that discovery will include discovery of electronically stored information, and that suitable protocols will be negotiated and, if necessary and appropriate to do so, presented to the Court for approval before production of same.

**17.    Asserting Claims of Privilege & Protection**:  The parties agree that prior to disclosure of any proprietary or confidential information, it may be necessary to enter a protective order.  The parties anticipate that the claims and defenses will involve the disclosure and discovery of a substantial amount of documents, electronically stored information, or tangible things.  To facilitate the discovery of these materials and reduce costs and delays, the parties (1) suggest that all claims of privilege, protection, or other exemption from discovery be asserted and resolved in accordance with an agreed protective order to be worked out between the parties, and (2) agree that the court should be able to enter the Proposed Order under Federal Rule of Civil Procedure 26(c).

**18.    Depositions**:  The parties do not believe each side will require more than five (5) depositions per side, but retain the right to seek leave of court to do so, pursuant to Federal Rules of Civil Procedure, Rule 30.

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP 26(f)**

      a. *Plaintiff's Anticipated Depositions*: Plaintiff will seek deposition testimony from person(s) most knowledgeable of H AND A MARKETING AND SALES, INC. and AGNER EMILIO ESPANA regarding their dealings with Plaintiff, products sold to Defendants, Defendants sale of products through online retailers, Defendants sale of products in bulk, Defendants records of sales made, Defendants business practices and other related matters and will seek deposition testimony from Eran Henry Darman, employees of Defendant and all experts retained by Plaintiff. Defendant may also take the depositions of any witnesses disclosed by Plaintiff pursuant to Rule 26(a) or that are identified in the parties' discovery responses.

      b. *Defendant's Anticipated Depositions*: Defendant will seek deposition testimony from person(s) most knowledgeable of Sutra Beauty regarding its dealings with Defendants, products sold to Defendants, sales tactics encouraged by Plaintiff, sales goals or sales requirements imposed by Plaintiff on its sales personnel, extent of authority granted to its sales personnel in dealing with Defendants and other related matters and will seek deposition testimony from Lior Grinshtein and Rothem Chorev, employees of Plaintiff who dealt directly with Defendants and all experts retained by Plaintiff. Defendant may also take the depositions of any witnesses disclosed by Plaintiff pursuant to Rule 26(a) or that are identified in the parties' discovery responses.

    **19.** **Interrogatories**: The parties do believe that they will need to propound interrogatories beyond the twenty-five (25) permitted by Fed. R. Civ. P. 33. The parties agree that this limitation can be increased by agreement, and in the event such agreement cannot be reached, retain the right to seek leave of court for permission to serve additional interrogatories upon a showing of good cause.

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP 26(f)**

**20.     Requests for Production and Requests for Admission**: Requests for admissions and requests for production will be governed by the Federal Rules of Civil Procedure, without special limitations.

**21.   Proposed Discovery/Motion Schedule/Trial**

| Date | Event |
|---|---|
| August 27, 2018-October 27, 2018 (flexible) | Trial (jury) |
| August 17, 2018 | Final Pretrial Conference |
| July 27, 2018 | Settlement conference completion date |
| July 13, 2018 | Motion cutoff (filing deadline); Motions in limine filing deadline |
| June 27, 2018 | Rebuttal expert disclosure and report deadline |
| June 1, 2018 | Non-expert discovery cutoff (including hearing of discovery motions); Expert discovery cutoff (including hearing of discovery motions) |
| May 27, 2018 | Initial expert disclosure and report deadline<br>Cutoff for amending pleadings and addition of parties (including hearing of motions to amend) |

**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP 26(f)**

**22. Service of Discovery, Pleadings, Papers, and Documents Not Electronically Filed.** The parties hereby agree and consent to service of discovery, pleadings, documents, papers, and otherwise not electronically filed through the CM/ECF filing/service system by electronic mail. Service shall be effective on the date of the sending of the document by electronic mail and shall have the same effect as personal service for purposes of calculating any required period of time. However, if the document is served by both e-mail and another service means (e.g. regular mail or overnight service) then service shall be deemed made pursuant to such non-e-mail method and the receiving party shall receive the benefit of any related extended timing calculation afforded by the Federal and/or Local Rules.

**23. Proposed Timing for Final Pretrial Conference**: Depending on the availability of the court for a trial date, the parties believe the final pretrial conference should be held in accordance with the chart set forth in section 21 above, and at a minimum, if not under such timeframes, then no less than ten (10) days before the start of trial.

**24. Proposed Trial Date and Estimated Time Needed**: The parties propose that a trial date be set be set at the end of August of 2018 consistent with the Court's docket and the deadlines set forth herein. The parties preliminarily estimate that it will require approximately three to five days to complete the trial in this matter.

**25. Magistrate Judge**: The parties have not agreed to submit this case to trial before a magistrate judge.

**26. Jury Demand**: Defendants have made timely jury demands on all causes of action.

**27.     Likelihood of the Appearance of Additional Parties**:

a. Plaintiff is considering adding additional parties to this action and wishes to reserve its right to do so.

b. Defendants are not aware of any additional parties that may need to be added to this action at this time, but wish to reserve their right to do so.

**28.     Motions the Parties are Likely to Make that May Be Dispositive or Partially Dispositive**:

a. Regarding any dispositive motions, Parties assert that it is currently premature to affirmatively state what dispositive motions Parties will make in this action. Parties specifically reserve their right to move for such dispositive motions as they deem appropriate as the action proceeds.

## ADDITIONAL ORDERS

**29.     Preservation plan**:  The parties will comply with any reasonable proposal to comply with the Federal Rules of Civil Procedure.

## CONCLUSION

All parties participated in the conference and have worked in good faith to discuss a discovery plan.

DATED: January  15, 2018	**STELMACH & STELMACH, LLP**


/s/ Rea Stelmach
Rea Stelmach, Esq.
Attorneys for Plaintiff, Sutra Beauty, Inc.


DATED: January 15, 2018	**ALLEGUEZ & NEWMAN, LLP**


/s/ Tina M. Alleguez
Tina M. Alleguez, Esq.
Attorneys for Defendants H and A Marketing and Sales, Inc.; Agner Emilio Espana

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28