Tina M. Alleguez (SBN 136562)
**ALLEGUEZ & NEWMAN, LLP**
21860 Burbank Blvd., Suite 360
Woodland Hills, California 91367
T: 818.225.0056
Email: tina@anlawllp.com

Attorneys for Defendants H and A Marketing and Sales, Inc.;
Agner Emilio Espana

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SUTRA BEAUTY, INC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>H AND A MARKETING AND SALES, INC., a Florida corporation; AGNER EMILIO ESPANA, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.　　2:17-cv-05999<br>Judge:　　Hon. Christina A. Snyder<br>Courtroom:　8D<br>Complaint Filed: 8/23/2017<br><br>**DEFENDANTS' F.R.C.P. RULE 26(a)(1) INITIAL DISCLOSURES** |

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Civil Procedure 26(a)(1) and the local rules for the United States District Court for the Central District of California, Defendants H and A Marketing and Sales, Inc., a Florida corporation and Agner Emilio Espana ("Defendants"), make the following initial disclosures to Plaintiff Sutra Beauty, Inc. ("Plaintiff). It should be noted that Defendants have not fully completed discovery in this action, and have not completed preparation for trial. All of the responses contained herein are based upon such information and documents which are presently available to and specifically known to Defendants.

///

1

DEFENDANTS' F.R.C.P. RULE 26(a)(1) INITIAL DISCLOSURES

It is anticipated that further discovery, independent investigation and legal research and analysis will supply additional facts, add meaning to the known facts, a well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the information set forth herein.

The following disclosures are given without prejudice to Defendants' right to disclose evidence of any subsequently discovered fact or facts which Defendants may later obtain or recall. Defendants accordingly reserve the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are formed. The information contained herein is disclosed in a good faith effort to supply as much information is presently known to Defendants. Discovery and investigation are continuing.

### I.  F.R.C.P. 26(a)(1)(A)(i) DISCLOSURE.

<u>The Name And, If Known, The Address And Telephone Number Of Each Individual Likely To Have Discoverable Information, Along With The Subjects Of That Information, That The Disclosing Party May Use To Support Its Claims Or Defenses.</u>

Upon knowledge, information, and belief, the following individuals are likely to have discoverable information that Defendants may use to support its claims:

| **Identified Individuals** | **Likely Subject Matter of Information** |
|---|---|
| Agner Espana c/o Defendants' counsel. | Mr. Espana has knowledge of facts regarding his interaction with Plaintiff, its agents and employees, as well as the facts underlying the operative answer. |

| | |
|---|---|
| Daniel Zeevi, former employee of Defendants, c/o Defendants' counsel. | Mr. Zeevi has knowledge of sales conducted by him on behalf of Defendants, fact that sales were conducted in compliance with terms of distribution limitation agreement, as well as other facts underlying the operative answer. |
| Billy Dimas, former employee of Defendants, c/o Defendants' counsel. | Mr. Dimas has knowledge of sales conducted by him on behalf of defendants, fact that sales were conducted in compliance with terms of distribution limitation agreement, as well as other facts underlying the operative answer. |
| Lior Grinshtein c/o Plaintiff's counsel. | Defendants anticipate Lior Grinshtein has knowledge regarding his direct dealings with Agner Espana, products purchased by Defendants, sales training received, sales tactics encouraged by Plaintiff, sales goals or sale requirements imposed by Plaintiff, extent of authority granted to him as Plaintiff's agent in dealing with Sellers like Defendants, all of his communications with Agner Espana. |

DEFENDANTS' F.R.C.P. RULE 26(a)(1) INITIAL DISCLOSURES

| | |
|---|---|
| Rothem Chorev c/o Plaintiff's counsel. | Defendants anticipate Rothem Chorev has knowledge regarding her direct dealings with Agner Espana, products purchased by Defendants, sales training received, sales tactics encouraged by Plaintiff, sales goals or sale requirements imposed by Plaintiff, extent of authority granted to her as Plaintiff's agent in dealing with Sellers like Defendants, all of her communications with Agner Espana. |
| Person Most Knowledgeable at: Sutra Beauty, Inc. | The person(s) most knowledgeable at Sutra Beauty, Inc. who have knowledge of Plaintiffs and Defendants interactions, sales to Defendants, Plaintiff's sales tactics, internal policies and procedures regarding distribution limitation agreements, knowledge of sale of Plaintiff's products online, including on Amazon and other websites by persons or entities other than Defendants at lower prices than pricing of products sold to Defendants, sales goals of Plaintiff's employees, extent of authority granted by Plaintiff to its employees in its dealings with sellers like Defendants. |

Defendants further believe that individuals identified by Plaintiff in its Rule 26 disclosure or other discovery responses, as well as those identifiable from review of Plaintiff's discovery responses and/or produced documents as part of discovery may be

4

individuals likely to have discoverable information that Defendants may use to support Defendants' defenses.  Defendants specifically reserve Defendants' right to supplement this list, as additional individuals are identified.

**II.  F.R.C.P. 26(a)(1)(A)(ii) DISCLOSURE**.

<u>Description Of All Documents, Electronically Stored Information, And Tangible Things That The Disclosing Party Has In Its Possession, Custody, Or Control And May Use To Support Its Claims Or Defenses.</u>

The following are documents, electronically stored information, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims:

1. Distribution Limitation Agreement between Plaintiff and Defendants attached hereto as Exhibit A;
2. Statements/Invoices reflecting all products purchased by Defendant H and A Marketing Sales, Inc. ("H and A") from Plaintiff attached hereto as Exhibit A;
3. Documents relevant to payments made for all products purchased by Defendant H and A;
4. Documents relevant to sales made by H and A to consumers;
5. Any written communications relevant to the allegations in, and/or subject matter of the Complaint and affirmative defenses in Defendants' Answer to the Complaint;
6. Documents relevant to the allegations in, and/or subject matter of the Complaint and in support of affirmative defenses in Defendants' Answer to the Complaint;

Defendants further reserve Defendants' right to supplement these disclosures of documents, data compilations, and tangible things based upon further discovery demands, responses, and production over the course of this litigation.

///

5
DEFENDANTS' F.R.C.P. RULE 26(a)(1) INITIAL DISCLOSURES

### III.  F.R.C.P. 26(a)(1)(A)(iii) DISCLOSURE

<u>A Computation of Each Category of Damages Claimed By The Disclosing Party.</u>

Defendants have not filed a counter-claim and thus, no damages are sought at this time.

### IV.  F.R.C.P. 26(a)(1)(A)(iv) DISCLOSURE.

<u>Any Insurance Agreement Under Which An Insurance Business May Be Liable To Satisfy All Or Part Of A Possible Judgment In The Action Or To Indemnify Or Reimburse For Payments Made To Satisfy The Judgment.</u>

Defendants are unaware of any such insurance agreement.

Pursuant to the Federal Rules of Civil Procedure, Defendants further reserve Defendants' right to supplement these responses and/or disclosures at a later date in the future should further information become available or known that would require such supplemental disclosure.

DATED: January 25, 2018              Respectfully submitted,

**ALLEGUEZ & NEWMAN, LLP**

/s/ Tina M. Alleguez
Tina M. Alleguez, Esq.
Attorneys for Defendants H and A Marketing and Sales, Inc.; Agner Emilio Espana

# DECLARATION OF ELECTRONIC SERVICE

**Central District of California Case No. 2:17-cv-05999-CAS-PJW**

Service of the attached document was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 25, 2018, at Woodland Hills, California.

By:     /s/ Tina M. Alleguez
       Tina M. Alleguez